UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| CLINTON BRINSON,<br><br>        Plaintiff,<br><br>v.<br><br>PATRICK J. BROSNAN,<br><br>        Defendants. | C/A NO. 5:21-cv-00151-M |
| CLINTON BRINSON,<br><br>        Plaintiff,<br><br>v.<br><br>ALICE LOUISE WALTON, SAMUEL ROBSON WALTON, and JAMES CARR WALTON,<br><br>        Defendants. | C/A NO. 5:21-cv-00166-M |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE**

NOW COME Defendants Patrick J. Brosnan, Alice Louise Walton, Samuel Robson Walton, and James Carr Walton (collectively the "Defendants"), and hereby file this Memorandum of Law in Support of their Motion to Consolidate. Defendants seek to consolidate these two cases (*i.e.*, *Brinson v. Brosnan*, Case No. 5:21-cv-00151-M ("Brosnan Complaint") and *Brinson v. Walton, et al.*, Case No. 5:21-cv-00166-M ("Walton Complaint")), pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Between June/July and October 2020, Plaintiff worked as a Security Officer for Brosnan Risk Consultants, Ltd. ("BRC") and was assigned to work at Walmart stores located in Raleigh

and Durham. (Brosnan Compl. at p. 3 and Walton Compl. at p. 3). According to Plaintiff, he took defensive action against Walmart customers on three occasions, which resulted in BRC removing him from his Walmart assignments. (Brosnan Compl. at pp. 3-8 and Walton Compl. at pp. 3-7). Plaintiff further alleges that on October 15, 2020, BRC retaliated against him for using self-defense by terminating his employment. (Brosnan Compl. at pp. 11-12).

On February 25, 2021, Plaintiff filed two overlapping (and, to a large extent, identical) lawsuits against Patrick Brosnan and the Waltons: In the Brosnan Complaint, Plaintiff contends that his termination violated Title VII of the Civil Rights Act of 1964 ("Title VII") and N.C. Gen. Stat. § 14-51.2 and G.S. § 14-51.3 (collectively referred to the "Castle Doctrine"). (*See* Brosnan Compl. *generally*). In the Walton Complaint, Plaintiff contends that his termination violated the Castle Doctrine, as well as N.C. Gen. Stat. § 143-422, *et seq.* (referred to as North Carolina's Equal Employment Practices Act ("NCEEPA")). In other words, both cases advance claims stemming from Plaintiff's brief stint of employment with BRC. Instead of filing a single lawsuit to advance his claims against Defendants, Plaintiff, proceeding *pro se*, filed multiple lawsuits against Defendants in the General Court of Justice, Superior Court Division, Wake County, North Carolina. Given Defendants' previous removal of the two lawsuits pursuant to federal question and diversity jurisdiction, Defendants now seek the consolidation of said cases.

II.     **STANDARD OF REVIEW**

Rule 42 of the Federal Rules of Civil Procedure provides that a court may consolidate separate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts have broad discretion in determining whether to consolidate. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977). In making that determination, courts assess "whether the specific risks of prejudice and possible confusion" of consolidation would be outweighed "by the risk of inconsistent adjudications . . . the burden on parties,

- 2 -

witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Campbell v. Boston Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (quotations omitted). Further, while Rule 42 calls for a common question of law or fact, "common questions of law and fact do not have to predominate. Rather, a district court must find only that they exist and that consolidation will prove beneficial." *Progress Solar Sols. v. Fire Prot., Inc.*, No. 5:19-CV-5-D, 2020 U.S. Dist. LEXIS 175517, at *7 (E.D.N.C. Sep. 24, 2020). Likewise, "[a]lthough actions involving the same parties are apt candidates for consolidation, complete identity of parties is not required. A common question of law or fact is enough." *Id.*

### III.     ARGUMENT

The above-captioned lawsuits that Plaintiff has pending stem from his employment with BRC and are based on nearly identical factual allegations. Plaintiff filed both actions *pro se*. The only notable differences between the two actions are (1) the identity of the defendants, and (2) one case purports to allege a violation of federal anti-discrimination law (Title VII) and the other case purports to allege a violation of state anti-discrimination law (the NCEEPA). Based on the duplicative claims and allegations in the Brosnan and Walton Complaints, consolidating these cases will serve to preserve judicial resources, ensure consistency in adjudications, lessen the burden on the parties and any potential witnesses, and decrease the time and expense required to litigate the disputes. Further, such consolidation would not prejudice *pro se* Plaintiff in any manner. *See Whitaker v. Nash County*, 2011 U.S. Dist. LEXIS 149755 (E.D.N.C. Dec. 29, 2011) (consolidating two nearly identical complaints filed by the same *pro se* plaintiff against the same defendants, where the court did not foresee a risk of prejudice or confusion in consolidating these cases and determined that administering them separately would only result in inefficiency); *see also Ramirez-Rodriguez v. Wal-Mart Stores E., L.P.*, No. 5:12-CV-585-BO, 2013 U.S. Dist.

LEXIS 156428, at *5 (E.D.N.C. Oct. 30, 2013) (granting motion to consolidate two lawsuits based on the fact that the allegations raised in the first lawsuit were similar or identical to those raised in the second, and contained common questions of both law and fact).  Accordingly, Defendants request that the Court consolidate the above-captioned cases for purposes of dispositive motions (including Defendants' motions to dismiss) and discovery, if any.  *See also Brinson v. Askew, et al.*, Case No. 5:2021-cv-00062-D (D.E. 21); *Brinson v. Rodgers Builders, Inc., et al.*, 5:2021cv00053-D (D.E. 11).

## IV.     CONCLUSION

For the reasons stated above, Defendants request that the Court consolidate *Brinson v. Brosnan*, Case No. 5:21-cv-00151-M and *Brinson v. Walton, et al.*, Case No. 5:21-cv-00166-M for purposes of dispositive motion filing and discovery, if any.

Respectfully submitted this 16th day of April, 2021.

*s/ Julie K. Adams*
Julie K. Adams, NC Bar No. 32773
jadams@fordharrison.com
FORD & HARRISON LLP
6000 Fairview Road, Suite 1415
Charlotte, NC 28210
Telephone: 980-282-1900
Facsimile: 980-282-1949
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE** has been filed with the Court via CM/ECF system and served upon the following person(s) via US Mail to:

Clinton Brinson
1011 Addison Place
Raleigh, NC 27610

Plaintiff *Pro Se*

*s/ Julie K. Adams*
Julie K. Adams