IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:21-cv-00151-M

CLINTON BRINSON )
)
Plaintiff, )
)
v. ) ORDER
)
PATRICK J. BROSNAN; ALICE LOUISE )
WALTON; SAMUEL ROBSON WALTON; )
JAMES CARR WALTON; BROSNAN )
RISK CONSULTANTS, LTD.; and )
WALMART INC. )
)
Defendants. )

These matters come before the court on Defendants' motions to dismiss. Brinson, proceeding pro se, alleges that he was wrongfully discharged from his position as a security officer with Brosnan Risk Consultants, Ltd. (BRC). Defendants seek dismissal of Brinson's claims against them for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim pursuant to Rules 12(b)(2), (b)(4), (b)(5), and (b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the court finds that it lacks jurisdiction to adjudicate these matters as currently pled and dismisses Brinson's claims against Defendants without prejudice.

I. **Background**

Brinson filed four lawsuits related to his former employment as a BRC security officer assigned to certain Walmart stores in North Carolina. Brinson alleges nearly identical facts, summarized below, in each of his complaints against Defendants. In the interest of efficiency, the court designated *Brinson v. Brosnan*, Case No. 5:21-cv-00151-M, as the lead case and consolidated

*Brinson v. Walton, et al.*, Case No. 5:21-cv-00166-M (the Walton Case); *Brinson v. Brosnan Risk Consultants, Ltd.*, Case No. 5:21-cv-00228-M (the BRC Case); and *Brinson v. Walmart Inc.*, Case No. 5:21-cv-00229-M (the Walmart Case). DE 16.[1]

### A. Summary of Brinson's Statement of Facts

In June or July 2020, Brinson was employed by BRC as a security officer and assigned to a Walmart store in Raleigh, North Carolina. DE 1-1 at 3. While on this assignment, Brinson got into two altercations with customers and later discussed these incidents with his BRC supervisors. *See id.* at 3–5. Following the second altercation in August 2020, Brinson received a reprimand and was reassigned to a Walmart store in Durham, North Carolina. *Id.* at 5–6. In October 2020, Brinson got into another altercation with a customer and an argument with the Walmart store manager. *Id.* at 6–7. Brinson discussed this incident with his BRC supervisors and informed them of his intention to sue Walmart for violating his right to self-defense. *Id.* at 8. Roughly one week later, BRC terminated Brinson, informing him that his security license had been denied based on a criminal background check. *Id.* Brinson challenges this rationale, *id.* at 8–9, and believes that his firing was retaliation for exercising his right to self-defense and seeking to sue BRC's client, Walmart, *see id.* at 11–12.

### B. Procedural Background

On February 25, 2021, Brinson filed lawsuits in Wake County Superior Court against (1) Alice Louise Walton, Samuel Robson Walton, and James Carr Walton (collectively, the Waltons), Walton Case DE 1-1; and (2) BRC's Chief Executive Officer Patrick Brosnan, DE 1-1. Brosnan and the Waltons removed these cases to federal court. DE 1; Walton Case DE 1. On

---

[1] The dockets of these cases were not consolidated with that of the lead case, so citations to filings in those cases preceding this May 28, 2021 Order reference their original case and docket entry number.

April 16, 2021, Brosnan and the Waltons moved to dismiss Brinson's complaints against them. DE 7; Walton Case DE 8. The court issued Rule 12 letters to Brinson directing him to respond to these motions by May 13, 2021. DE 11; Walton Case DE 13. Brinson responded in opposition to both motions on May 20, 2021, clarifying that his complaints "should be construed to assert a North Carolina common law claim for wrongful discharge in violation of public policy." DE 13 at 7; Walton Case DE 15 at 5. Brosnan and the Waltons filed a consolidated reply. DE 23.

On April 13, 2021, Brinson sued Walmart Inc. in Wake County Superior Court. Walmart Case DE 1-1. Two days later, Brinson sued BRC in the same court. BRC Case DE 1-1. On April 20, 2021, BRC received a copy of Brinson's untitled complaint by mail. BRC Case DE 1 at 1–2; DE 1-1. The next day, Walmart received a copy of Brinson's untitled complaint by mail. *See* Walmart Case DE 1 at 1–2; Walmart Case DE 1-1. BRC and Walmart removed these cases to federal court. BRC Case DE 1; Walmart Case DE 1. On June 10, 2021, BRC and Walmart moved to dismiss Brinson's complaints against them. DE 17. The court issued a Rule 12 letter to Brinson directing him to respond to this motion by July 4, 2021. DE 19. Brinson did not respond.

**II.   Analysis**

The court must first address Defendants' challenges to its jurisdiction to adjudicate these matters. *See Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 187 (4th Cir. 2019) ("[E]ven though personal jurisdiction may be waived, if it is timely raised, it too takes priority over the merits."). Defendants did not waive their objections to personal jurisdiction and service of process by removing these cases to federal court. *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929); *see also* Wright & Miller, Fed. Prac. & Proc. Civ. § 1082 n.3 (4th ed.) (collecting cases). As the plaintiff, Brinson bears the burden of showing by a preponderance of the evidence that the court is justified in exercising jurisdiction over Defendants. *Wallace v. Yamaha Motors Corp,*

3

*U.S.A.*, No. 19-2459, 2022 WL 61430, at *1 (4th Cir. Jan. 6, 2022) (unpublished) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). That said, "[w]hen a district court decides a personal jurisdiction challenge without an evidentiary hearing, . . . the plaintiff need show only a prima facie case of personal jurisdiction." *Id.* (citing *Mylan Labs., Inc. v. Akzo*, N.V., 2 F.3d 56, 60 (4th Cir. 1993)). In doing so, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* (quoting *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997)).

### A. This court lacks personal jurisdiction over Brosnan and the Waltons because Brinson has not established that his claims arise out of or relate to any activities these Defendants directed at North Carolina.

Brosnan and the Waltons contend that the claims against them should be dismissed because the court lacks personal jurisdiction over them. DE 8 at 8–9; Walton Case DE 9 at 7–8. For personal jurisdiction to exist, "(1) a state's long-arm statute must authorize the exercise of jurisdiction under the facts presented, and (2) the statutory assertion of personal jurisdiction must comply with due process." *Wallace*, 2022 WL 61430, at *2 (citing *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993)). These "dual jurisdictional requirements collapse into a single inquiry" because North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permissible under the Due Process Clause. *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Under this due process analysis, a court may exercise personal jurisdiction only "if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interest in that state 'does not offend traditional notions of fair play and substantial justice.'" *Wallace*, 2022 WL 61430, at *2 (quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 397 (4th Cir. 2003)). This inquiry focuses on

the "nature and extent of 'the defendant's relationship to the forum State.'" *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017)).

Applying these principles, the Supreme Court recognizes two forms of personal jurisdiction— "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Id.* General jurisdiction extends to any claim brought against a defendant, but "[o]nly a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *See id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)) (limiting general jurisdiction to defendants who are "essentially at home" in the forum state). Specific jurisdiction covers defendants "less intimately connected" with the forum state but only as to claims that "'arise out of or relate to the defendant's contacts' with the forum.'" *Id.* at 1025 (citing *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780). Brinson has not made a prima facie showing that the court has general or specific jurisdiction over Brosnan or the Waltons.

To begin, Brinson has not established that Brosnan or the Waltons are subject to general jurisdiction in North Carolina. Individuals are subject to general jurisdiction where they are domiciled. *Id.* at 1024 (citing *Daimler AG*, 571 U.S. at 137). Brinson's complaint against Brosnan includes a New York address, DE 1-1 at 3, and Brosnan submitted a declaration asserting that he is a citizen of Florida living in Highland Beach, Florida, DE 1-2 ¶ 3. Similarly, Brinson's complaint against the Waltons provides only an Arkansas address. Walton Case DE 1-1 at 3. Brinson must therefore establish specific jurisdiction based on his wrongful discharge claims.

Courts assessing specific jurisdiction must consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of

5

personal jurisdiction would be constitutionally 'reasonable.'" *See Wallace*, 2022 WL 61430, at *2 (quoting *Carefirst of Maryland, Inc.*, 334 F.3d at 396). While an individual defendant is "not immune from jurisdiction" because his contacts with the forum were made on behalf of a corporation, a corporation's contacts with the forum are generally not attributed to individual defendants for jurisdictional purposes. *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 177 (4th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984)). As a result, a court cannot exercise jurisdiction over an individual based solely on his connection to a corporation. *See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 888 F. Supp. 2d 691, 700 (D. Md.), *modified on clarification*, 904 F. Supp. 2d 530 (D. Md. 2012), *and aff'd*, 722 F.3d 591 (4th Cir. 2013), *and aff'd*, 722 F.3d 591 (4th Cir. 2013) (addressing corporate officers). A court can, however, "exercise specific personal jurisdiction over a nonresident defendant acting outside of the forum when the defendant has intentionally directed his tortious conduct toward the forum state, knowing that that conduct would cause harm to a forum resident." *See Carefirst of Maryland, Inc.*, 334 F.3d at 397–98, n.7 (citing *Calder*, 465 U.S. at 789–90) (explaining the requirements for the exercise of specific jurisdiction under this "effects test")

Brinson's complaints do not contain a single allegation about Brosnan or the Waltons. *See* DE 1-1; Walton Case DE 1-1. He claims that he has shown "some contact" between these Defendants and North Carolina based on new assertions in his responses. DE 13 at 6; Walton Case DE 15 at 4. Brosnan and the Waltons maintain that Brinson has not established any such contacts. DE 23 at 2. In any event, Brinson has not attempted to establish the second requirement for specific jurisdiction: that his wrongful discharge claims arise out of or relate to any acts these Defendants directed at North Carolina.

To establish specific or "case-linked" jurisdiction, Brinson must do more than suffer harm in a forum where he believes Brosnan and the Waltons at some point conducted business. North Carolina may be the "most natural" forum for Brinson to bring suit as he resides and claims to have been wrongfully discharged in the state. *See Ford Motor Co.*, 141 S. Ct. at 1031 (citing *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1179–81) (contrasting plaintiffs who resided and suffered injury in the forum states with the pure "forum-shopping" rejected in *Bristol-Myers Squib Co.*). Crediting—as the court must—Brinson's jurisdictional allegations, *Wallace*, 2022 WL 61430, at *1, Brosnan and the Waltons also had some prior contact with North Carolina, *see Ford Motor Co.*, 141 S. Ct. at 1031 (citing *Walden v. Fiore*, 571 U.S. 277, 289–90 (2014)) (distinguishing *Walden's* holding that a plaintiff's residence and place of injury cannot "create a defendant's contact with the forum State"). Reading Brinson's pro se responses leniently and in the manner most favorable to the existence of jurisdiction, the court assumes that Brosnan and the Waltons were at some point involved in some efforts by BRC and Walmart to secure contracts related to the provision of security services in North Carolina. *See* DE 13 at 6; Walton Case DE 15 at 4. Still, the issue remains "whether those contacts are related enough to [Brinson's] suits" to exercise specific jurisdiction over these Defendants. *See Ford Motor Co.*, 141 S. Ct. at 1031.

The court cannot exercise jurisdiction over Brosnan and the Waltons because Brinson has established no relationship between their alleged business dealings in North Carolina and his wrongful termination claims. While Brinson need not show that these contacts caused his wrongful discharge, the alternative showing that they "relate to" his claims still "incorporates real limits." *See id.* at 1026–27 (distinguishing the two ways to establish that the plaintiff's claims "arise out of or relate to" the defendant's contacts with the forum). Whatever those "limits" may be for Brinson's wrongful discharge claims, he must at least show some connection between these

Defendants' contacts with North Carolina and any sort of employment decision. *Compare Ford Motor Co.*, 141 S. Ct. 1017 at 1031 (finding that the "related to" requirement was satisfied for products liability suits when the defendant had a "veritable truckload of contacts" with the forums, including promoting, selling, and servicing the same products), *with Zurich Am. Life Ins. Co. v. Nagel*, No. 20-CV-11091 (JSR), 2021 WL 5225947, at *6–*8 (S.D.N.Y. Nov. 10, 2021) (citing *Ford Motor Co.*, 141 S. Ct. 1022, 1025–26) (finding that the plaintiff had not made a prima facie showing of relatedness between his employment discrimination claims and the defendant-parent company's contacts with the United States despite an employee of the defendant allegedly sending a disciplinary warning to one of the plaintiff's domestic superiors).

Here, the only connection Brinson suggests between these Defendants and any employment decision is that they "empowered" other employees—his "supervisors"— "to make decisions on complaints taken to them by employees like [himself]." *See* DE 13 at 6–7 (arguing that vicarious liability applies under *respondeat superior*); Walton Case DE 15 at 4–5 (same). Without delving any further into the merits of Brinson's liability arguments, his "supervisors" are BRC and Walmart employees who act on behalf of those corporations—not any individual owner or officer. *See Meyer v. Holley*, 537 U.S. 280, 286 (2003). The court cannot exercise jurisdiction over Brosnan and the Waltons based on Brinson's assertion that they are corporate agents who delegated some authority under which other BRC and Walmart employees acted within the forum. *See Metro. Reg'l Info. Sys., Inc.*, 888 F. Supp. 2d at 699–70 (refusing to attribute the corporation's Maryland activities to a defendant-CEO for jurisdictional purposes despite allegations that his "oversight and management responsibility" covered these activities). Relatedly, the lack of any indication that Brosnan or the Waltons directed or personally participated in the alleged tortious conduct precludes the exercise of jurisdiction under *Calder's* "effects test." *Compare id.* at 700

8

Case 5:21-cv-00166-M Document 20 Filed 02/02/22 Page 8 of 11

(finding no jurisdiction over the defendant-CEO under *Calder* where there were no allegations he engaged in the alleged infringement), *with Planet Techs., Inc. v. Planit Tech. Grp.*, LLC, 735 F. Supp. 2d 397, 403–04 (D. Md. 2010) (exercising jurisdiction over a non-resident CEO under *Calder* where the CEO allegedly selected the infringing mark and directed the corporation's counsel to file for federal trademark registration).

The court cannot exercise personal jurisdiction over these Defendants without some prima facie showing that Brinson's wrongful discharge claims arose from or relate to any actions they directed at North Carolina. Thus, Brinson's claims against Brosnan and the Waltons must be dismissed without prejudice.

### B. This court lacks personal jurisdiction over BRC and Walmart because Brinson has not established sufficient process or valid service of process.

BRC and Walmart contend that dismissal for lack of jurisdiction is proper because no summonses have been issued or served on them. DE 18 at 7–8. "Personal jurisdiction requires valid service of process that comports with due process." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). As BRC and Walmart have not consented to jurisdiction, "there must be [] service that complies with the requirements of an applicable rule or statute." *Id.* Federal and North Carolina law both require the service of summonses with complaints. *See* Fed. R. Civ. P. 4(c)(1); N.C. Gen. Stat. § 1A-1, Rule 4(a)–(c). As with other challenges to personal jurisdiction, Brinson bears the burden of establishing that sufficient process has been validly served. *See Wallace*, 2022 WL 61430, at *1 (citing *Combs*, 886 F.2d at 676) (explaining the responses required from plaintiffs when defendants challenge personal jurisdiction); *see also Elkins v. Broome,* 213 F.R.D. 273, 275 (M.D.N.C. 2003) (applying this principle to challenges to the sufficiency of process and validity of service).

Brinson has not filed proof of service or otherwise responded to BRC's and Walmart's arguments. Consistent with these Defendants' unrebutted contentions, the record contains no evidence that Brinson served BRC or Walmart with summonses before these cases were removed. *See* BRC Case DE 1-1 (including only Brinson's untitled complaint in the attachment of "All Process, Pleadings, and Orders Received by Defendant" to the Notice of Removal); Walmart Case DE 1-1 (same). While the removal of these cases to federal court in May 2021 afforded Brinson more time to complete service on or obtain issuance of new process for these then-unserved Defendants, *see Rice v. Alpha Sec., Inc.*, 556 F. App'x 257, 260 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 1448), the "additional" 90-day window for service under Rule 4(m) has long since passed, *see id.* (citing Fed. R. Civ. P. 4(m)).

As BRC and Walmart have not been timely served with process, the court must dismiss Brinson's actions against these Defendants without prejudice unless he establishes good cause for these failures. Fed. R. Civ. P. 4(m). Brinson has not attempted to do so, and his pro se status alone does not establish good cause. *See Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) (unpublished) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Brinson's failure to serve process on BRC and Walmart "deprives the court of personal jurisdiction" over these Defendants. *Attkisson v. Holder*, 925 F.3d 606, 628 (4th Cir. 2019), *as amended* (June 10, 2019) (quoting *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998)). Thus, Brinson's claims against BRC and Walmart must be dismissed without prejudice. *See id.* (affirming dismissal as to unserved parties without prejudice on this basis).

10

Case 5:21-cv-00166-M Document 20 Filed 02/02/22 Page 10 of 11

## III. Conclusion

For the reasons stated above, the court finds that it lacks personal jurisdiction over Defendants in these actions as currently pled by Brinson. Thus, the court may not proceed to address Defendants' Rule 12(b)(6) arguments. *See Jordan*, 921 F.3d at 187 (requiring that courts address jurisdictional challenges before reaching other issues); *Combs*, 886 F.2d at 675 (suggesting that the district court's implied conclusion that it lacked personal jurisdiction "would have precluded the court's reaching the merits of the RICO claim on the 12(b)(6) challenge to its sufficiency as pleaded") In sum, the court:

- GRANTS Brosnan's motion to dismiss [DE 7] for lack of personal jurisdiction and DISMISSES WITHOUT PREJUDICE Brinson's complaint against him [DE 1-1];

- GRANTS the Waltons' motion to dismiss [Walton Case DE 8] for lack of personal jurisdiction and DISMISSES WITHOUT PREJUDICE Brinson's complaint against them [Walton Case DE 1-1];

- GRANTS BRC's motion to dismiss [DE 17] for lack of personal jurisdiction and DISMISSES WITHOUT PREJUDICE Brinson's complaint against it [BRC Case DE 1-1]; and

- GRANTS Walmart's motion to dismiss [DE 17] for lack of personal jurisdiction and DISMISSES WITHOUT PREJUDICE Brinson's complaint against it [Walmart Case DE 1-1].

The Clerk of Court is DIRECTED to close these cases.

SO ORDERED this 1st day of February, 2022.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE